JEFFREY M. OLSON, ESQ. (SBN 104074)
*jolson@sidley.com*
SAMUEL N. TIU, ESQ. (SBN 216291)
*stiu@sidley.com*
MATTHEW S. JORGENSON, ESQ. (SBN 229131)
*mjorgenson@sidley.com*
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000
(213) 896-6600 fax

Attorneys for Plaintiffs
SYNTHES USA, LLC and
SYNTHES USA SALES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SYNTHES USA, LLC, a Delaware limited liability company and SYNTHES USA SALES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SYNTEC SCIENTIFIC (USA) CORPORATION, a California corporation, WHITTEMORE ENTERPRISES, INC., a California corporation, and SYNTEC SCIENTIFIC CORPORATION, a Taiwan corporation,<br><br>Defendants. | Case No. ED 09-cv-1875-DMG (DTBx)<br><br>**CONSENT JUDGMENT, PERMANENT INJUNCTION AND DISMISSAL AGAINST WHITTEMORE ENTERPRISES, INC. [89]** |

WHEREAS Plaintiffs Synthes USA, LLC and Synthes USA Sales, LLC (collectively hereinafter "Synthes") and Defendant Whittemore Enterprises, Inc. ("Whittemore") have agreed to settle the matters in issue between them, in accordance with a Confidential Settlement Agreement with an effective date of June 25, 2012, and to entry of this Consent Judgment, Permanent Injunction and Dismissal,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over Synthes and Whittemore and the subject matter of this action. Venue of this action properly lies in this district.

2. Synthes filed this action against Whittemore alleging, *inter alia*, that:

a. Whittemore has infringed, contributed to or induced the infringement of the Synthes Patents including by, but not limited to, using, selling, offering for sale, and/or importing Orthopedic Products into the United States, which products were manufactured by Syntec Scientific;

b. Whittemore has infringed Synthes Registered Trademarks and has otherwise violated the Lanham Act and engaged in acts of unfair competition under the laws of the United States and the laws of California including by, but not limited to, distributing, marketing, advertising, promoting, offering for sale and/or selling Orthopedic Products, which products were manufactured by Syntec Scientific; and

c. Synthes has been damaged and otherwise suffered irreparable harm from Whittemore's infringement of the Synthes Patents and the Synthes Registered Trademarks, and there has been confusion in the marketplace regarding both the source and authenticity of Orthopedic Products made and sold by Synthes and Syntec Scientific, and Whittemore has wrongly profited from its actions.

3. Whittemore filed an answer and affirmative defenses in the California Litigation, in which it denied the allegations in the complaint filed by Synthes, denied all liability to Synthes, and asserted numerous defenses.

4. Whittemore agrees that the following patents are valid, enforceable and the exclusive property of Synthes:

    a. United States Patent No. 7,354,441;

    b. United States Patent No. 6,719,759; and

    c. United States Patent No. 5,709,686.

These three patents are collectively referred to hereinafter as the "patents-in-suit."

5. Whittemore, its officers, directors, agents, servants, employees, and all persons and/or entities acting in concert and participation with Whittemore are enjoined until the last expiration date for the three patents-in-suit from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, the following Syntec Scientific locking bone plate products, and any other locking bone plate product that is substantially similar to the following locking bone plate products or that infringes any of the patents-in-suit:

| Product Code | Product Description |
|---|---|
| 223551 | 3.5 mm Locking Plate 5 Hole |
| 223561 | 3.5 mm Locking Plate 6 Hole |
| 223581 | 3.5 mm Locking Plate 8 Hole |
| 223591 | 3.5 mm Locking Plate 9 Hole |
| 223601 | 3.5 mm Locking Plate 10 Hole |
| 223621 | 3.5 mm Locking Plate 12 Hole |
| 223641 | 3.5 mm Locking Plate 14 Hole |
| 241031 | 3.5 mm Locking T-Plate Oblique (Right) 3 Hole |
| 241041 | 3.5 mm Locking T-Plate Oblique (Right) 4 Hole |
| 241051 | 3.5 mm Locking T-Plate Oblique (Right) 5 Hole |
| 241071 | 3.5 mm Locking T-Plate Oblique (Right) 7 Hole |
| 241131 | 3.5 mm Locking T-Plate, Right Angle 3 Hole |
| 241141 | 3.5 mm Locking T-Plate, Right Angle 4 Hole |
| 241151 | 3.5 mm Locking T-Plate, Right Angle 5 Hole |
| 241161 | 3.5 mm Locking T-Plate, Right Angle 6 Hole |
| 241171 | 3.5 mm Locking T-Plate, Right Angle 7 Hole |
| 241931 | 3.5 mm Locking T-Plate Oblique (Left) 3 Hole |
| 241941 | 3.5 mm Locking T-Plate Oblique (Left) 4 Hole |
| 241951 | 3.5 mm Locking T-Plate Oblique (Left) 5 Hole |
| 241971 | 3.5 mm Locking T-Plate Oblique (Left) 7 Hole |
| 245051 | 3.5 mm Locking Reconstruction Plate 5 Hole |
| 245061 | 3.5 mm Locking Reconstruction Plate 6 Hole |
| 245071 | 3.5 mm Locking Reconstruction Plate 7 Hole |
| 245081 | 3.5 mm Locking Reconstruction Plate 8 Hole |
| 245101 | 3.5 mm Locking Reconstruction Plate 10 Hole |
| 245121 | 3.5 mm Locking Reconstruction Plate 12 Hole |

6. Whittemore agrees that the following trademarks are valid, enforceable and the exclusive property of Synthes:

a. "Synthes" – including, but not limited to, United States Registration Nos. 0999397, 2561835 and 2788064;

b. "LCP" – including, but not limited to, United States Registration No. 2690375;

c. "DCP" – including, but not limited to, United States Registration No. 0992827;

d. "LC-DCP" – including, but not limited to, United States Registration No. 2089158; and

e. Synthes logo – including, but not limited to, United States Registration Nos. 877095, 2561836 and 2809775.

These five trademarks are collectively referred to hereinafter as "Synthes' registered trademarks."

7. Whittemore, its officers, directors, agents, servants, employees, and all persons and/or entities acting in concert and participation with Whittemore are permanently enjoined from using Synthes' registered trademarks or any other trademark that is confusingly similar to the any of the Synthes' registered trademarks, unless such use is authorized by Synthes or United States law and such use accurately identifies Synthes as the owner of the Synthes' registered trademarks.

8. Synthes and Whittemore agree to the dismissal of any and all claims solely as between Synthes and Whittemore with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Order does not result in the resolution, dismissal or release of any or all claims that either Synthes or Whittemore may have against Syntec Scientific (USA) Corporation and/or Syntec Scientific Corporation.

//

//

//

9. The Court shall retain jurisdiction to enforce this consent judgment and compliance with the terms and conditions of the Confidential Settlement Agreement.

**IT IS SO ORDERED:**

Dated:  July 6, 2012

DOLLY M. GEE
United States District Judge

Approved as to form and content:

Dated:  June 29, 2012         By:   /s/ Jeffrey M. Olson
                                    Jeffrey M. Olson, Esq.
                                    Attorneys for Plaintiffs
                                    SYNTHES USA, LLC and
                                    SYNTHES USA SALES, LLC

Dated:  June 29, 2012         By:   /s/ James E. Doroshow
                                    James E. Doroshow, Esq.
                                    Attorneys for Defendant
                                    WHITTEMORE ENTERPRISES, INC.